IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GREATER RICHMOND CONVENTION   *
CENTER AUTHORITY,             *
                              *
    Plaintiff,                *
                              *
    v.                        *    MC 119-006
                              *
LINEAGE OF CHAMPIONS, INC.    *
n/k/a MY LINEAGE OF CHAMPIONS,*
                              *
    Defendant.                *

O R D E R

Before the Court is Plaintiff's motion to compel post-judgment discovery. (Doc. 3.) Under Federal Rule of Civil Procedure 37:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FED. R. CIV. P. 37(a)(1). In the Southern District of Georgia, the certification rule is regularly interpreted to require an attachment certifying the party's good faith efforts. See, e.g., Rogers v. Toombs Cty. Bd. of Educ., No. CV614-117, 2015 WL 775021, at *2 (S.D. Ga. Feb. 13, 2015) ("[A party] must — before seeking judicial relief (e.g., a motion to compel) file a statement certifying that opposing counsel has been contacted in a good faith

effort to resolve any dispute about discovery."); McCranie v. Hoffman Elec. Co., No. CV408-011, 2008 WL 11349686, at *1 (S.D. Ga. May 27, 2008) ("Defendant failed to attach a separate good faith certification to its motion to compel."); Thompson Bldg. Wrecking Co. v. Augusta, No. CV 108-019, 2008 WL 728934, at *3 (S.D. Ga. Mar. 18, 2008) (denying motions lacking attached certification of good faith effort).

The purpose of the certification requirement is to provide assurance that the parties fully attempted to resolve their dispute before seeking court intervention. See FED. R. CIV. P. 37(a)(1). Although Plaintiff attached correspondence "as evidence of the good faith attempt" (Mot. to Compel Disc., Doc. 3, at 3), the certification is a requirement. No such certification is included, and Plaintiff's motion is, therefore, premature.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel post-judgment discovery is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion in compliance with the Federal Rules of Civil Procedure and the Court's Local Rules.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of February, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA